*328 On the Merits.
By Division A, Composed of O’NIELL, C. X, and BRUNOT and ROGERS, JJ.
BRUNOT, J.
Plaintiff, in her capacity as tutrix to her minor children, applied to the court for the appointment of a receiver for the defendant corporation.
The petition alleges that Emmet, Beuhler and Mrs. Mary S. Beuhler were husband and wife; that the community of ácquSts and gains existed between, them; that the community owned three valuable lots of ground in the city of Alexandria, Rapides parish, La.; that Emmet Beuhler, John C. Beuhler, and Mrs. A. G. Murphy organized the Beuhler Realty Company, Incorporated, with an authorized capital stock of $90,000, represented by 900 shares of stock of the par value of $100 each; that Emmet Beuhler, as head and master of the community, sold and transferred to the Beuhler Realty Company, Inc., the three lots of ground described in the petition and belonging to the community, at a valuation of $85,000, and received therefor 898 shares of the capital stock of that company ; that subsequent to the transfer of this property to the Beuhler Realty Company, Incorporated, Mrs. Mary 'S. Beuhler died intestate, leaving the plaintiff's wards and other forced heirs as her sole heirs; that the succession o-f Mrs. Mary S. Beuhler. has not been opened; that plaintiff’s wards inherit, by representation through their deceased father, one-twelfth of the estate; that Emmet Beuhler has been the president of the Beuhler Realty Company, Incorporated, since its organization -and has had the exclusive management of its affairs, including the authority, conferred by its charter, to sell any and all property owned'by the corporation and to fix the terms and price of the sale therefor; and that the president and'directors of the corporation are grossly mismanaging its affairs by wasting, misusing, misapplying, and misappropriating its property and moneys, and jeopardizing the rights of petitioner’s wards. The specific allegations of mismanagement, etc., are that the president has received $15,200 from the rents and revenues of the property belonging to the corporation and from, the sale of one of the lots owned by it; that no dividends have been declared by the corporation or paid to plaintiff’s wards and no accounting has been made of the money received and disbursed by the corporation; that the president has received a salary of $150 per month from the corporation as its president and general manager and an additional sum of $50 per month as an advance upon dividends to be declared; and that the salary received by the president is out of proportion to the services rendered the corporation.
It is upon these allegations alone that the appointment of a receiver is prayed for, and from a judgment dismissing plaintiff’s suit and awarding defendant $1,000 as attorneys’ fees, with a reservation of defendant’s right to sue for any additional attorneys’ fees and costs thereafter incurred, the plaintiff has appealed.
In this court the defendant moved to dismiss the appeal upon two grounds, viz.: That plaintiff’s appeal was not applied for timely, and that plaintiff was granted an appeal without bond. The motion to dismiss was overruled, and the case is now before us on the merits.
It is well to note here that the petition does not allege that Emmet Beuhler remarried, or that the corporation is insolvent, or that it owes any debts.
The defendant in the court below filed an exception of vagueness and an exception of no right or cause of action, and with a reservation of all its rights under these exceptions, an answer wa§ filed in which the defendant denies all of the allegations of the petition which are urged as grounds for the appointment' of a receiver except the allegation as to the salary paid to the president *330 and general manager by the corporation and the receipt by him of the advance dividends. It is alleged in the answer that the sum of the advance dividends was deducted from dividends subsequently paid by the corporation.
The exceptions do not appear to have been passed upon by the lower court.
[3] The record discloses- that all of the stock of the Beuhler Realty Company, Incorporated, except two shares, was issued to Emmet Beuhler. This stock’ was the consideration paid to Beuhler for the three lots of ground belonging to the marital community which Beuhler sold to the corporation. This stock was therefor community property. Beuhler is the owner of one half of it, and until he has remarried, he has the usufruct of the other half, and the earnings thereof belong to him. Article 916, O. O. The heirs of Mrs. Mary S. Beuhler, deceased, have only the naked ownership of the one half pf the ■community owned by her at the time of her death, and until it is alleged and proven that the surviving spouse has remarried, they have no interest in demanding an accounting of him.
[4] The plaintiff, however, has sought to enlarge the pleadings by offering proof, over the objection of counsel, of a fact not alleged in the petition, viz., that Emmet Beuhler re* married. This she cannot do, and the lower court erred in overruling counsel’s objection to the testimony offered for this purpose.
“Plaintiff cannot prove what he has not alleged.” La. Dig. vol. 6, par. 113; Bell v. Globe Lumber Co., 107 La. 725, 31 South. 994; Wooten v. United Irr. Co., 128 La. 294, 54 South. 824.
If plaintiff cannot enlarge the pleadings by proving a material fact not alleged in the petition, viz., that Emmet Beuhler remarried and thereby forfeited his usufruct to his deceased spouse one-half of the community and his ownership of the fruits and earnings thereof, the plaintiff has failed to allege a right of action, and the lower coru;t erred in not sustaining this exception and dismissing the suit.
Having reached the conclusion, for the reasons stated, that the exception of no right and. no cause of action should have been sustained and the suit dismissed, it is not necessary to pass upon the other issues presented.
The judgment of the lower court, after a hearing on the merits, dismissed plaintiff’s suit, awarded defendant a judgment for $1,000 as attorneys’ fees, and reserved to defendant the right to sue for additional attorneys’ fees and costs which might be incurred in the further prosecution of the suit.
We think the exception of no cause or right of action should have been sustained with a reservation of defendant’s right to sue upon the bond given to secure attorneys’ fees and costs. It is therefore ordered that the judgment appealed from is affirmed to the extent that it dismisses plaintiff’s suit, but in ail other respects it is reversed, and it is now ordered, adjudged, and decreed that defendant be referred to the bond and to plaintiff’s bondsmen for the recovery of attorneys’ fees and costs and the right of defendant to sue thereon is recognized and reserved to it; the costs of this appeal to be paid by appellee and appellant in equal proportions.